# EXHIBIT 1

1
2
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
3  *ron@consumersadvocates.com*
4  MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
5  LILACH HALPERIN (SBN 323202)
6  *lilach@consumersadvocates.com*
651 Arroyo Drive
7  San Diego, California 92103
8  Telephone: (619) 696-9006
Facsimile: (619) 564-6665
9  ***Attorneys for Plaintiff and the Proposed Class***

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/10/2019** at 03:29:26 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

11
12
**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

13

14  CHRISTINA WEBB, on behalf of herself,
15  all others similarly situated, and the
general public,
16
17                Plaintiff,
18        v.
19  TRADER JOE'S COMPANY,
20
21                Defendant.
22

Case No: 37-2019-00035568-CU-BT-CTL

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.      JURISDICTION AND VENUE ........................................................... 2

II.     NATURE OF THE ACTION................................................................ 3

III.    PARTIES ............................................................................................. 5

IV.     FACTUAL ALLEGATIONS................................................................ 5

      A.    Defendant packages, labels, transports, receives, and sells poultry products adulterated with excess Retained Water. .......................... 5

      B.    Defendant packages the Products with unlawful excess Retained Water. ................................................................................................ 6

      C.    Trader Joe's products tested had unlawful excess Retained Water. ............. 10

      D.    Defendant's Retained Water labeling did not comply with the federal PPIA at the time the Products were packaged in Defendant's facilities. ..... 14

      E.    Plaintiff's purchases contained unlawful excess Retained Water. ............... 14

V.      CLASS MEMBERS' INJURIES ....................................................... 15

VI.     RELIANCE AND INJURY ............................................................... 16

VII.    DELAYED DISCOVERY ................................................................. 16

VIII.   CLASS ACTION ALLEGATIONS .................................................. 17

IX.     CAUSES OF ACTION ..................................................................... 20

      FIRST CAUSE OF ACTION  ............................................................ 20

      SECOND CAUSE OF ACTION  ....................................................... 21

      THIRD CAUSE OF ACTION  ........................................................... 25

      FOURTH CAUSE OF ACTION ......................................................... 26

      FIFTH CAUSE OF ACTION ............................................................. 27

      SIXTH CAUSE OF ACTION  ........................................................... 28

      SEVENTH CAUSE OF ACTION ....................................................... 31

      EIGHTH CAUSE OF ACTION .......................................................... 31

X.      PRAYER FOR RELIEF .................................................................... 33

XI.     JURY DEMAND ............................................................................... 34

1

Christina Webb ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby brings this action against Trader Joe's Company ("Defendant" or "Trader Joe's"), and upon information and belief and investigation of counsel alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(4)(A), the local controversy exception to federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA) because greater than two-thirds of all members in the proposed Class are citizens of California; the Defendant is a citizen of California and Defendant's conduct forms a significant basis for the claims asserted by the Class; the principal injuries resulting from Defendant's conduct were incurred in California; and during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against the Defendant on behalf of the same person. Additionally, the number of members of the proposed Class in the aggregate is more than 100 and the Defendant is not a State, State official, or other governmental entity against whom the Court may be foreclosed from ordering relief.

2.    This Court has both general and specific personal jurisdiction over the Defendant.

3.    The Court has personal jurisdiction over Defendant because Defendant is headquartered and has its principal place of business in California; Defendant's Products are advertised, marketed, distributed and sold throughout the State of California; Defendant engaged in the wrongdoing alleged in this Complaint in the State of California; Defendant is authorized to do business in the State of California and engages in substantial activity within the State of California; Defendant has numerous stores throughout the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395 and 395.5 because Plaintiff purchased the Product within this judicial district

CLASS ACTION COMPLAINT

and suffered injuries due to Defendant's conduct within this judicial district. Defendant's business practices and wrongful acts have occurred and continue to occur in this county, and the adverse effects of Defendant's alleged wrongful conduct have harmed and will continue to harm the residents of this county and the rest of the state.

## II.    NATURE OF THE ACTION

5.     This is a consumer class action for violations of express and implied warranties, negligent and intentional misrepresentations, fraudulent omissions, and consumer protection laws, with a California class for violations of California consumer protection laws.

6.     Defendant manufactures, packages, distributes, advertises, markets, and sells a variety of Trader Joe's branded raw poultry products, including, without limitation, the Trader Joe's All Natural Boneless Chicken Breasts, Trader Joe's All Natural Chicken Thighs, and Trader Joe's All Natural Chicken Wings (collectively, the "Products" or "Chicken Products").

7.     The labeling of the Products is false and misleading and the Products are thus misbranded under consumer protection laws. Specifically, the Products claim to contain only 5% retained water, when they actually contain unlawful amounts of excess Retained Water,[1] far greater than that disclosed on the product labels. Some of the products were found to contain as much as 16% excess Retained Water, for which California consumers are unlawfully charged the per-pound price of poultry.

8.     Defendant's conduct violates several California consumer protection laws including the Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Song-Beverly Act. Each of these state laws either incorporate the requirements of the Federal Poultry Products Inspection Act ("PPIA") by reference or impose by statute requirements identical to those of the PPIA.

9.     The Products as labeled and sold are also in breach of express and implied

---

[1] The term "Retained Water" as used herein refers to water picked up by the chicken during poultry processing that remains with the product at the time of packaging. *See*, 66 FR 1749; 9 CFR 381, 9 CFR 441. Retained Water may remain on or in the chicken or may migrate into the product's packaging during post-packaging transport and storage.

warranties and constitute theft by false pretenses under California law.

10.    Defendant packages, transports, distributes, and sells the Products packaged with excess Retained Water, and offers those products in commerce in California. Defendant mislabeled these Products because they contained more Retained Water at the time they were packaged at the processing facility than is disclosed on the labels. These products are economically adulterated and misbranded and are therefore illegal to sell.

11.    Defendant receives and sells the adulterated and misbranded Products in the United States and California, violating federal and California laws, including the Song-Beverly Act and California's Unfair Competition Law, and breach implied warranties applicable to retail sellers of goods under California law.

12.    Plaintiff purchased Trader Joe's chicken products from several Trader Joe's store locations in San Diego County, California. Those products contained excess Retained Water that was unlawfully included in the products' labeled net weight. Because Plaintiff paid the marked, per-pound price for excess Retained Water above that declared on the product labels, Plaintiff paid more for the products than the products were worth and was injured economically.

13.    After sampling and analyzing Trader Joe's Chicken Products offered for sale at supermarkets in Northern California, it was found that Trader Joe's Chicken Products were routinely and consistently misbranded and economically adulterated with excess Retained Water far greater than that declared on the labels.

14.    Plaintiff therefore brings this action on her own behalf and on behalf of all consumers who purchased such products during the Class Period.

15.    Plaintiff, on her own behalf and on behalf of the Class defined herein, seeks an order compelling Defendant to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations, California consumer protection laws, and state common laws; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to inform consumers about the deceptive practices; (4) award Plaintiff and other Class Members an appropriate measure of restitution, actual damages, statutory damages, and punitive damages; and (5)

pay all costs of suit including expenses, pre- and post-judgment interest, and reasonable attorney fees for this action.

### III.    PARTIES

16.    Defendant Trader Joe's Company packages, labels, advertises, markets, distributes, and sells Trader Joe's branded uncooked retail poultry products in California and throughout the United States. Trader Joe's is a California corporation with its headquarters and principal place of business at 800 S. Shamrock Avenue in Monrovia, California. Trader Joe's is registered with the California Secretary of State under entity number C0353027.

17.    Plaintiff Christina Webb ("Plaintiff") is a resident and citizen of San Diego County, California, who purchased the Product multiple times during the Class Period in San Diego County, California for personal and household consumption.

18.    Plaintiff suffered economic injury as a result of Defendant's violations of California law. Plaintiff would like to continue to purchase the Products, intends to do so, and will do so when she can do so with the assurance that Defendant will package, label, and offer the Products for sale truthfully and in compliance with federal and California law.

### IV.    FACTUAL ALLEGATIONS

#### A. Defendant packages, labels, transports, receives, and sells poultry products adulterated with excess Retained Water.

19.    California law requires Defendant to produce, package, label, transport, and offer in commerce poultry products that truthfully and accurately represent on the labels the amount of Retained Water in the products.

20.    California law similarly requires Defendant to receive in commerce and sell only poultry products that are lawfully labeled, are not misbranded or economically adulterated, and that truthfully represent on the product labels the amount of Retained Water in the products.

21.    Defendant, however, packages, labels, advertises, transports, and sells products with significant excess Retained Water, in packages that falsely advertise the

5

maximum amount of Retained Water in those products.

22.    Poultry products are sold by weight. Excess Retained Water in the product unlawfully increases the price the consumer pays and decreases the value of the product, cheating the consumer.

23.    The excess Retained Water concealed in the Products means that the consumer is unknowingly paying the per-pound price advertised for the poultry for significant quantities of Retained Water in excess of the labeled maximum.

24.    Because of Defendant's deceptive and unlawful practices, consumers are cheated into paying more than they should for the Trader Joe's Chicken Products.

**B.    Defendant packages the Products with unlawful excess Retained Water.**

25.    Defendant packages the Products with unlawful excess Retained Water, and fails to truthfully disclose the amount of Retained Water in the Products at that time on the Product labels.

26.    Poultry processors use a water-immersion process to chill chicken carcasses during processing. In this process, the poultry carcasses are immersed into a chilled water bath or "immersion chiller" until cooled to the proper temperature.

27.    The poultry is then removed from the chiller and processing water that the product picks up in the chiller begins to drain off.

28.    The processing of poultry in water-immersion chillers always results in some "carry-over" or retention of processing water when the product is removed from the chiller.

29.    The product begins to give up the water picked up in the immersion process as soon as it is removed from the chiller. Any processing water picked up during immersion that remains with the product when it is packaged is Retained Water.

30.    If allowed to drain and dry properly before packaging, the chicken will give up much of the water that was picked up in the chilling process and rapidly return to near (within 4% of) its pre-immersion net weight before being packaged.

31.    During transportation and storage after packaging and prior to sale, some of the Retained Water in immersion-chilled products stays on or in the chicken while some

6

1    drains out of the chicken and into the Product packaging.

2    32.    Poultry processors that use a water-immersion process can control the
3    chilling, handling, and packaging process so as to minimize the amount of Retained Water
4    in the product. Processors can control the amount of water that their products retain by
5    adjusting process control variables such as drip time and drying time and methods before
6    the products are packaged.

7    33.    Retained Water is defined in Federal regulations and under California law as
8    any processing water that remains with the product at the time of packaging.

9    34.    If poultry processing results in any Retained Water in the products, the
10    processor is required by identical California and Federal law requirements to label the
11    products with the maximum percentage of Retained Water at the time of packaging.

12    35.    Under the Federal PPIA regulations and parallel California law, it is unlawful
13    to package, transport, receive, sell, or offer for sale or transport, any raw poultry products
14    that retain water and do not accurately declare on the package the maximum percentage
       of Retained Water in the product.[2]

15    36.    Defendant declares a maximum of 5% Retained Water in its Trader Joe's
16    Chicken Products.

17    37.    The Trader Joe's Chicken Products, however, include significantly more than
18    the maximum percentage of Retained Water declared on the product labels, rendering all
19    of those Products misbranded and economically adulterated and unlawful to sell, offer for
20    sale, transport, or receive in commerce.

21    38.    Defendant receives in commerce and sells the economically-adulterated
22    products, violating federal and California law and profiting thereby at the expense of
23    consumers.

24    39.    Trader Joe's retail poultry packages currently sold in California were found
25    to contain on average nearly 9% Retained Water, most of which is hidden from the

26

27    [2] See, 7 CFR 2.18, 2.53. Sec. 441.10 Retained Water; 21 U.S.C. 451-470, 601-695; 7 U.S.C.
      450, 1901-1906. Poultry processors must also eliminate any Retained Water that is not an
28    inevitable consequence of the process used to meet food safety requirements. Id.

7

CLASS ACTION COMPLAINT

consumer in superabsorbent pads underneath the product.

40.    Some randomly sampled Trader Joe's Chicken Products contained as much as 16% Retained Water in the packages, and some varieties of the Products contained more than 9% Retained Water on average.

41.    California currently uses the "dry tare" method of weighing poultry products. Under the "dry tare" procedure, the product net weight shown on the package includes fluids contained within the package.

42.    In 2008, California switched from a "wet tare" method to the dry tare method for weighing poultry packages.

43.    Prior to that time, published scientific and government reports found that the average pre-packaged poultry product contained less than 4% Retained Water.

44.    Taking advantage of the dry-tare weighing method in California, however, Trader Joe's now includes in its Products on average not 5% Retained Water as claimed on the labels but nearly 9% of the product's marked weight in Retained Water – and some sampled Trader Joe's products contained as much as 16% Retained Water.

45.    Testing was performed on several varieties of the Products. The marked net weight of the Products was routinely greater than the actual weight of the poultry in the package, and a large quantity of water was held in the package in an absorbent pad underneath the product.

46.    For nearly every Trader Joe's Product package tested, Defendant's "Up to 5% Retained Water" statement was false.

47.    The water in these packages consisted almost entirely of Retained Water, as any purged naturally-occurring moisture from the chicken constituted only a negligible amount of the liquid in the packages.

48.    Most of this water is concealed in a superabsorbent pad Trader Joe's inserts into its Product packages. Trader Joe's uses a special absorbent pad that allows Defendant to include large amounts of Retained Water in the Products in excess of the amount declared on the label and yet have that Retained Water remain undetectable by the consumer at the point of purchase.

8

49. Defendant uses these pads to conceal from the consumer how much excess Retained Water the packages contain.

50. In the absence of the superabsorbent pads that Defendant includes in the packages – or if the Products were accurately labeled – consumers could know the amount of Retained Water in the package and either accept or refuse to buy the product. But with the excess Retained Water concealed in an absorbent pad underneath the Products, and the Products falsely labeled, consumers have no way of knowing how much of their purchase is Retained Water.

51. The difference between the marked net weight and the actual lawful net weight of this poultry product was not a reasonable variation from the stated weight.

52. The products were mislabeled and adulterated with excessive Retained Water when packaged, and the use of superabsorbent pads hidden in the packages to conceal the excessive Retained Water was an additional deceptive trade practice.

53. Under the Federal PPIA and California law imposing identical requirements, poultry product sellers must disclose on the product label the maximum percentage of Retained Water in the product. This disclosure enables the consumer to compare products and make informed purchasing decisions.

54. Under both the PPIA and California law, a processor's failure to minimize the amount of Retained Water carried over from the chilling process or failure to accurately label the amount of Retained Water in the product results in the product becoming economically adulterated.

55. It is illegal to package, possess, transport, offer in commerce, or sell an economically adulterated product in California.

56. A product is misbranded if its labeling is false or misleading in any particular.

57. A product is also misbranded if its container is filled so as to be misleading.

58. A product is also misbranded if the product label does not accurately reflect the package contents in net weight.

59. These California laws impose identical packaging and labeling requirements to the applicable federal regulations under the PPIA.

CLASS ACTION COMPLAINT

60.    The Trader Joe's Products described herein violate both the federal and California laws and are economically adulterated and misbranded.

61.    Trader Joe's is liable as a seller of the adulterated Products for receiving and offering misbranded products in commerce, and is also liable for express and implied warranties applicable to product sellers for its role as a retailer of the Products.

**C. Trader Joe's products tested had unlawful excess Retained Water.**

62.    A San Francisco food testing laboratory tested several Trader Joe's chicken products, including chicken wings, chicken breasts, and chicken thighs.

63.    The samples were collected using a standardized sampling protocol to eliminate any potential sampler bias in selecting packages for analysis, and analyzed for Retained Water consistent with applicable Federal and state regulations, guidelines, and procedures including the PPIA and associated regulations and guidelines.

64.    The marked net weight of the Products was routinely greater than the actual weight of the poultry in the package, and a large quantity of water was held in the package in an absorbent pad underneath the product.

65.    The chart below shows the results of the testing performed on the Products.

| Sample ID | % Moisture | Stated Net Weight Lbs | Net weight Found Lbs | Retained Water Stated | Actual Retained Water Found |
|---|---|---|---|---|---|
| Natural Boneless Skinless Chicken Thighs | 72.63 | 1.31 | 1.19 | 5% | 9.16% |
| Natural Boneless Skinless Chicken Thighs | 72.99 | 1.37 | 1.26 | 5% | 8.0% |
| Natural Boneless Skinless Chicken Thighs | 71.19 | 1.63 | 1.45 | 5% | 11.04% |
| Natural Boneless Skinless Chicken Thighs | 71.92 | 1.92 | 1.74 | 5% | 9.38% |
| Natural Boneless Skinless Chicken Thighs | 70.83 | 1.89 | 1.70 | 5% | 10.05% |
| Natural Chicken Wings | 71.80 | 1.54 | 1.41 | 5% | 8.44% |

10

| Natural Chicken Wings | 75.63 | 1.69 | 1.41 | 5% | 16.57% |
|---|---|---|---|---|---|
| Natural Chicken Wings | 67.31 | 1.61 | 1.53 | 5% | 4.9% |
| Natural Chicken Wings | 70.69 | 1.66 | 1.55 | 5% | 6.6% |
| Natural Chicken Wings | 69.30 | 1.68 | 1.58 | 5% | 5.9% |
| Natural Boneless Chicken Breast | 75.15 | 1.73 | 1.60 | 5% | 7.51% |
| Natural Boneless Chicken Breast | 74.39 | 1.75 | 1.63 | 5% | 6.85% |
| Natural Boneless Chicken Breast | 72.65 | 1.59 | 1.43 | 5% | 10.06% |
| Natural Boneless Chicken Breast | 72.86 | 1.74 | 1.54 | 5% | 11.49% |

66.     The results of the testing, conducted during June 2019, revealed that sampled Trader Joe's Products in San Francisco contained, on average, 9% Retained Water.

67.     This result met all statistical tests for significance.

68.     In this sampling round, fourteen (14) individual samples of Trader Joe's Products were purchased from various Trader Joe's stores in the San Francisco area.

69.     The product samples were all observed to include cut-up poultry, packaging materials including a plastic foam tray and flexible plastic film over-wrap, a large absorbent pad in the plastic tray underneath the poultry, and Retained Water.

70.     Each Product sample was transported to the analytical food laboratory and weighed as purchased on a calibrated, legal-for-trade scale in accordance with applicable Federal and state regulations, guidelines, and procedures. The product was then unwrapped and the contents and packaging weighed separately and the actual weight of poultry, packaging, and Retained Water was derived and recorded.

71.     Retained Water comprised nearly 9% or more of the Products' weight on average at the time the Products were packaged and labeled at the processing facility.

72.     This was almost twice the "maximum of 5% retained water" declared on the package labels.

73.     This analysis demonstrated conclusively that the Products routinely

11

contained unlawful excess Retained Water at the time the Products were packaged and that Defendant systematically and unlawfully misrepresents the percentage of Retained Water in the Trader Joe's Chicken Products.

74.    The poultry meat in these samples was found to range from 75.63% moisture down to 67.31% moisture; the average among these Products was 72.09% moisture.

75.    Poultry products contain naturally-occurring moisture, and packaged raw chicken may also release a small amount of the chicken's naturally-occurring moisture during transportation and storage.

76.    This release of naturally-occurring moisture is referred to as "purge."

77.    Uncooked chickens, like the Products at issue here, contain on average 66% naturally-occurring moisture.[3] This naturally-occurring moisture is principally bound to muscle tissue and does not readily purge from uncooked chicken.

78.    The sampled Products contained on average not 66% moisture but instead over 72% moisture, indicating that the Products had lost no net naturally-occurring moisture to purge and in fact had absorbed Retained Water into the Product tissue.

79.    The Products were also analyzed for absorbed moisture, as a second method to check on the Retained Water calculation. Representative samples of the chicken were weighed, oven dried, and weighed again.

80.    The average moisture in these samples significantly exceeded the average naturally-occurring moisture in un-immersed chicken. This indicated that the Products, at the time of purchase and analysis, still contained absorbed Retained Water as well as the Retained Water that migrated into the Product packaging.

81.    Based on the analytical results, during the packaging, storage, and transportation of the Products much but not all of the Retained Water migrated into the Products' packaging. At the time of purchase, the majority of the Retained Water in the Products was located in the absorbent pad in the package.

---

[3]    United States Department of Agriculture, *Water in Meat and Poultry*; https://www.fsis.usda.gov/wps/portal/fsis/topics/food-safety-education/get-answers/food-safety-fact-sheets/meat-preparation/water-in-meat-and-poultry/ct_index; last visited May 4, 2018.

12

82.    The moisture analysis conducted as a check on sampled Trader Joe's products showed that the Products contained Retained Water still absorbed in the chicken tissue at the time of purchase in addition to the Retained Water observed in the packages. Water loss from the Products into the packaging was almost exclusively Retained Water. The net amount of purged naturally-occurring moisture from the Products was *de minimis* and did not affect either the calculation of Retained Water or the conclusion that the Products contained unlawful amounts of excess Retained Water.

83.    The Trader Joe's Products' average of 9% <u>or more</u> Retained Water uniformly exceeded the labeled maximum of 5% Retained Water declared on the product labels, across multiple sampling rounds, diverse products, and different store locations, with individual Product packages containing as much as 16% Retained Water.

84.    Trader Joe's Chicken Products systematically contain excess Retained Water when packaged and labeled at the processing facility, far in excess of the labeled maximum percentages, rendering those products misbranded, economically adulterated, and illegal to sell in California and the United States.

85.    Defendant declares 5% as the maximum Retained Water in its raw chicken Products. This amount therefore may be presumed to represent the maximum amount of Retained Water that is an unavoidable result of Defendant's processing.[4]  The far greater percentages of Retained Water found in those Products exceed the maximum amount of Retained Water that is an unavoidable result of processing.

86.    Defendant is capable of producing safe raw poultry products with a maximum of 5% Retained Water as declared on the Product labels.  Defendant has produced such chicken products with less than 5% Retained Water. Trader Joe's' competitors currently produce similar poultry products with less than 5% Retained Water. And Trader Joe's currently produces some raw chicken products with less than 5% Retained Water.

---

[4] Although rare, some Trader Joe's product samples did show Retained Water within the declared, lawful range.

CLASS ACTION COMPLAINT

87.    There is no lawful justification for Defendant's practice of misrepresenting the amount of Retained Water in the Products.

88.    Defendant's practice of misrepresenting the amount of Retained Water in the Trader Joe's Chicken Products and including unlawfully large amounts of Retained Water in those products causes consumers to pay more for economically adulterated and misbranded products.

89.    Plaintiff and the Class members who purchased the Products during the Class period paid the advertised per-pound price for Products with Retained Water far in excess of the maximum percentage declared on the Product labels.

90.    Plaintiff and the Class Members were injured economically as a direct and proximate result of Defendant's actions.

91.    Every Class Member is therefore entitled to damages as compensation and in restitution for having paid the per-pound product price for retained water far in excess of the maximum percentage declared and warranted on the product labels.

**D. Defendant's Retained Water labeling did not comply with the federal PPIA at the time the Products were packaged in Defendant's facilities.**

92.    Trader Joe's Chicken Products' Retained Water statements are false.

93.    Laboratory testing and statistical analysis showed Defendant's labeling of maximum Retained Water percentages in its Products ignores significant quantities of processing water retained in the Products from processing.

94.    The Product labels are therefore false and in violation of the federal PPIA as well as California law.

95.    The Products are falsely labeled at the time the Products are packaged in Defendant's facility because they do not accurately disclose the amount of water included in the Products as Retained Water from processing.

**E. Plaintiff's purchases contained unlawful excess Retained Water.**

96.    Plaintiff purchased the Products on a monthly basis from Trader Joe's locations in San Diego County, California during the Class Period defined herein.

97.    These products contained Retained Water far in excess of the maximum

14

CLASS ACTION COMPLAINT

percentages stated on the labels.

98.    Plaintiff first discovered Defendant's unlawful acts described herein in June 2019, when she learned that the Products contain more retained water than that disclosed on the Product labels.

99.    Plaintiff was deceived by and relied upon the Product's deceptive labeling, and specifically the representation that the Products contained a maximum of 5% Retained Water. Plaintiff purchased the Products believing they only contained a maximum of 5% Retained Water, based on the Products' deceptive labeling.

100.    Defendant, but not Plaintiff or the Class, knew that this labeling was in violation of state and federal law.

101.    Because Plaintiff reasonably assumed the Products to contain a maximum of 5% Retained Water, based on the Product label's representation of that fact, when it actually contained significantly more Retained Water, she did not receive the benefit of her purchases.

102.    Because the Retained Water was hidden in superabsorbent pads underneath the poultry, Plaintiff, like the rest of the Class Members, had no way of knowing that these packages contained excess Retained Water until after they had purchased them.

103.    The Product was worth less than what Plaintiff paid for it and Class members would not have paid as much as they have for the Products absent Defendant's misrepresentations.

## V.    **CLASS MEMBERS' INJURIES**

104.    As a result of Defendant's actions, the Class and its members sustained economic injuries.

105.    Because Class members intended to purchase poultry products that complied with Federal and California law and that did not include Retained Water in excess of the labeled maximum percentage, each was injured in the amount of the difference in value between the product as labeled and the product as delivered.

106.    This amount is to be proven at trial via collected data, expert testimony, and/or other admissible evidence.

CLASS ACTION COMPLAINT

## VI.    RELIANCE AND INJURY

107.    When selecting poultry products for purchase, Plaintiff and the Class were seeking properly packaged and labeled food products that complied with applicable Federal and state laws and regulations and did not misrepresent the amount of Retained Water.

108.    Defendant offered the Trader Joe's Products as lawful products that did not misrepresent the amount of Retained Water in the Products or contain unlawful excess Retained Water.

109.    The Products were unsatisfactory to Plaintiff and to the Class members for the reasons described herein, because they included excess Retained Water, had false and misleading labels that misrepresented the maximum amount of Retained Water, did not conform to the representations of fact on the labels, and violated Federal regulations and identical California law.

110.    Plaintiff and the Class lost money as a result of Defendant's conduct because they purchased products that contained Retained Water in excess of the declared maximum Retained Water and were falsely labeled. Had Defendant not violated the law, Plaintiff and the Class would not have been injured.

111.    The products that Plaintiff and the Class bought were worth less than the labeled prices that Class Members paid for those products.

112.    Plaintiff and the Class members lost money as a result of Defendant's unlawful behavior. Each altered his or her position to their detriment and suffered loss in an amount equal to the difference in value between a lawful, accurately-labeled product and an inaccurately-labeled product that included Retained Water in excess of the labeled maximum percentage.

## VII.    DELAYED DISCOVERY

113.    Class members are all consumers who exercised reasonable diligence in their selection of poultry products.

114.    Nevertheless, they would not have been able to discover Defendant's deceptive practices, if at all, until long after the date they first purchased the products because Defendant deliberately used superabsorbent pads hidden underneath the poultry to

16

conceal the excess Retained Water.

115.   This practice was known to Defendant but was not known to the Class.

116.   Class members are therefore entitled to the doctrines of delayed discovery and tolling of the statute of limitations.

## VIII.    CLASS ACTION ALLEGATIONS

117.   Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

118.   The nationwide Class is defined as follows:

All U.S. citizens who purchased the Product in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

119.   The California sub-Class is defined as follows:

All California citizens who purchased the Product in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

120.   The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation.

121.   The proposed Class representative satisfies adequacy of representation. Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

122.   The Product is offered for sale at over 100 Trader Joe's locations in the United States; the Class numbers at a minimum in the tens of thousands. This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is

17

impracticable and the disposition of their claims in a class action rather than in individual actions will benefit Class members, the parties, and the courts.

123.   The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Product, were deceived by the unlawful labeling, and lost money as a result, purchasing a Product that was illegal to sell in California and the United States.

124.   Class adjudication is superior to other options for the resolution of the controversy. The relief sought for each Class member is small. Class action litigation is the only feasible way for Class members to seek relief for Defendant's unlawful acts.

125.   Defendant has acted on grounds applicable to the Class, thereby making final injunctive relief or declaratory relief appropriate concerning the Class as a whole.

126.   There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

127.   Questions of law and fact common to Plaintiff and the Class include:

     a.    Whether the Products contained unlawful amounts of Retained Water in excess of the maximum percentage of Retained Water declared on the labels;

     b.    Whether the Products were legal to sell as packaged and labeled;

     c.    Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act;

     d.    Whether Defendant's conduct constitutes a violation of the False Advertising Law;

     e.    Whether Defendant's conduct constitutes a violation of the unlawful prong of California's Unfair Competition Law;

     f.    Whether Defendant's conduct constitutes a violation of the unfair prong of California's Unfair Competition Law;

     g.    Whether Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers;

18

h.   Whether the slight utility Defendant realized as a result of its conduct outweighs the gravity of the harm the conduct causes to consumers;

i.   Whether Defendant's conduct violates public policy as declared by specific constitutional, statutory, or regulatory provisions;

j.   Whether the Products failed to conform to representations of fact on the Product labels;

k.   Whether the Products breached express warranties or implied warranties or both;

l.   Whether the injury to the consumers and to competition from Defendant's practices is substantial;

m.   Whether the injury to the consumers and to competition from Defendant's practices is one the consumers themselves could reasonably have avoided;

n.   Whether the Class is entitled to actual damages, restitution, punitive damages, attorney fees and costs, and an injunction;

o.   Whether the statute of limitations should be tolled on behalf of the Class;

p.   Whether members of the Class are entitled to restitution and, if so, the correct measure of restitution;

q.   Whether members of the Class are entitled to an injunction and, if so, its terms;

r.   Whether members of the Class are entitled to statutory damages or punitive damages; and

s.   Whether members of the Class are entitled to any further relief.

128.   Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

CLASS ACTION COMPLAINT

# IX.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

#### CAL. CIV. CODE §§ 1750, *et seq.*

129.    Plaintiff alleges and incorporates here by reference every allegation of fact described in this Complaint as if fully set forth herein.

130.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

131.    Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

132.    Defendant's failure to label the Product in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

133.    Defendant's conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

134.    Defendant advertised and represented the Products as containing less Retained Water than the Products actually did.

135.    The CLRA imposes the same requirement here as the PPIA, which requires poultry products that include Retained Water to display a truthful statement of the maximum percentage of Retained Water on the front label.

136.    Defendant placed the false and misleading declarations of Retained Water on

20

the Product packages, which all Class members were exposed to at the point of purchase.

137.    Plaintiff and the Class suffered injury in fact and lost money or property as a result of Defendant's unlawful acts, and will continue to do so in the future.

138.    Had Plaintiff and the Class been aware of Defendant's unlawful representations, they would not have purchased the misbranded Products or would only have been willing to pay less for those Products than they did.

139.    Defendant's unlawful acts allowed Defendant to sell the Products for a higher price and at a higher profit margin than it otherwise would have.

140.    As a result of Defendant's conduct, Plaintiff and the Class sustained the injuries, losses, and damages more fully described above.

141.    Plaintiff therefore seeks an order enjoining Defendant from continuing to falsely advertise, market, offer for sale, and sell the Products as labeled.

142.    Plaintiff will also seek by amendment of this Complaint an order for the disgorgement and restitution as provided in the CLRA of all excess revenue received by Defendant from the sale of misbranded and economically adulterated Products described herein, as well as any other damages allowable by law under the CLRA, no less than thirty days after Plaintiff has provided Defendant the required CLRA notice.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### (UNLAWFUL PRONG)

#### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

143.    Plaintiff re-alleges and incorporates by reference here each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

144.    Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

145.    Defendant's practices as described herein were at all times during the Class Period and continue to be in violation of California's Unfair Competition Law.

146.    The UCL unlawful prong borrows violations of other laws and statutes and designates those violations also to constitute violations of California law.

147.    Under California Health and Safety Code § 110390 *et seq*., it is unlawful for any person to disseminate any false advertisement of any food, drug, device, or cosmetic. An advertisement is false if it is false or misleading in any particular.

148.    It is also unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food . . . that is falsely advertised, Cal. Health and Saf. Code § 110390, and to advertise for sale any food . . . that is adulterated or misbranded, Cal. Health and Saf. Code § 10398.

149.    It is also unlawful for any person to receive in commerce any food . . . that is falsely advertised or to deliver or proffer for delivery any such food . . . . Cal. Health and Saf. Code §110400.

150.    These requirements are not different from or in addition to those of the Federal PPIA, which requires poultry products that include Retained Water to display a truthful statement of the maximum percentage of Retained Water on the front label.

151.    Defendant violated one or more of these provisions of California and Federal law and therefore also violated California's UCL.

152.    Defendant placed the false and misleading declarations of Retained Water on the Product packages, which all Class members were exposed to at the point of purchase.

153.    Defendant received in commerce and offered for sale Products that had false and misleading declarations of maximum Retained Water on the Product packages. Those Products were therefore misbranded and violated California's Health and Safety Code, *supra*, as well as the Federal PPIA regulations.

154.    Defendant also received in commerce, sold, delivered, held, and offered for sale foods that were that were adulterated or misbranded in violation of California's Song-Beverly Act, violating California law which identically mirrors requirements of the Federal PPIA.

155.    Defendant also therefore violated California's Unfair Competition Act as well, because the Products it sold violated the Song-Beverly Act.

156.    Defendant's practices are therefore unlawful as defined in Section 17200.

157.    Defendant's conduct is further unlawful because it violates California's

22

Sherman Law, Cal. Health & Safety Code § 109875 *et seq*., and in particular, § 110585 *et seq*., which govern food adulteration.

158.    Under Section 110585(d), a food is adulterated if any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight or reduce its quality or strength or make it appear better or of greater value than it is.

159.    This requirement of California's Sherman law is identical to the requirements of the Federal PPIA.

160.    It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is adulterated. Cal. Health & Safety Code § 110620.

161.    It is unlawful for any person to adulterate any food. Cal. Health & Safety Code §110625.

162.    It is unlawful for any person to receive in commerce any food product that is adulterated or to deliver or proffer for delivery any such food. Cal. Health & Safety Code §110630.

163.    Defendant violated one or more of these provisions of California law, among others.

164.    Further, California's Business & Professions Code § 12606, states,

(a) No container wherein commodities are packed shall . . . be otherwise so constructed or filled, wholly or partially, as to facilitate the perpetration of deception or fraud.

(b) No container shall be made, formed, or filled as to be misleading.

165.    This California state-law requirement is identical to that of the PPIA, which prohibits the use of any container for a poultry product that is "made, formed, or filled as to be misleading[.]"

166.    Defendant offers for sale in commerce in California and the United States Products in packages filled and labeled so as to be misleading.

167.    Further, under Federal regulations, borrowed and incorporated into the UCL, poultry washing, chilling, and draining practices and procedures must be such as will

CLASS ACTION COMPLAINT

minimize water absorption and retention at time of packaging,[5] and a processor's failure to minimize the amount of water carried over from the chilling process results in the product becoming adulterated.[6] As both these regulations are borrowed and incorporated by reference into the UCL, Defendant Trader Joe's has violated the UCL accordingly.

168.    Further, California's Penal Code § 532 makes it a crime in California to acquire money or property through false pretenses.

169.    Defendant's misrepresentation of the percentage of Retained Water in the Products, which induced Plaintiff and the Class Members to purchase those Products and pay the marked price per pound for excess Retained Water, also constituted theft by false pretenses.

170.    Defendant's conduct also therefore is unlawful under the UCL as that conduct violated California's Penal Code § 532.

171.    All of these California laws constituting predicate violations under the UCL impose requirements identical to those of the Federal PPIA.

172.    Plaintiff and the Class suffered injury in fact and lost money or property as a result of Defendant's unlawful acts.

173.    Had Plaintiff and the Class been aware of Defendant's unlawful practices, they would not have purchased the improperly packaged, misbranded and economically adulterated Products or would only have been willing to pay less for those Products than they did.

174.    Defendant's unlawful acts allowed Defendant to sell the Products for a higher price and at a higher profit margin than it would have otherwise.

175.    In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices.

176.    Plaintiff also seeks an order for the disgorgement and restitution of all excess revenue received by Defendant from the sale of unlawful adulterated and misbranded

---

[5] California Unfair Competition Law, incorporating as predicate 9 CFR 381.66 (d)(1).
[6] California Unfair Competition Law, incorporating as predicate 66 Fed. Reg. 6 at 1751.

Products as described herein.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (UNFAIR PRONG)
### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

177.    Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

178.    Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice.

179.    Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because that conduct is unethical as well as unlawful, and substantially injurious to consumers, and the utility of the conduct to Defendant does not outweigh the gravity of the economic harm and potential harm.

180.    While Defendant's decision to package and to sell poultry products with Retained Water in excess of that declared on the labels may have some utility to Defendant in that it allows Defendant to realize higher profit margins than if it sold lawful products accurately labeled, this utility is small and far outweighed by the gravity of the serious risk of harm Defendant inflicts on consumers and the market by the practice.

181.    Defendant's conduct also injures competing manufacturers and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

182.    Defendant realizes greater profits and competes unfairly in the marketplace thereby.

183.    Moreover, Defendant's practices violate public policy expressed by specific regulatory provisions, including Federal PPIA labeling regulations.

184.    The policy of the State of California with respect to false advertising of foods is expressed in California Health and Safety Code § 12601. That provision states, "This chapter is designed to protect purchasers of any commodity within its provisions against deception or misrepresentation. Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value

25

comparisons."

185.    Defendant's practices as alleged herein not only violate the PPIA and specific analogous California laws with identical requirements, they also prevent consumers from obtaining accurate information as to the contents of the Products and do not facilitate value comparisons.

186.    Further, Defendant's practices are unfair because they violate public policy as declared by specific constitutional, statutory, or regulatory provisions, including those embodied in the California Health & Safety Code and identical regulations under the Federal PPIA.

187.    Further, Defendant's practices are unfair because the injury to consumers from its practices is substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided or should be obligated to avoid.

188.    Plaintiff therefore seeks an order for the disgorgement and restitution of all excess revenue received by Defendant from the unlawful sale of poultry products as described herein.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

189.    Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

190.    Cal. Bus. & Prof. Code § 17500 states that it shall be a violation "to make or disseminate or cause to be made or disseminated before the public in this state" any statement concerning real or personal property . . .  "or concerning any circumstance or matter of fact" connected with the disposition thereof "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

191.    Defendant's statements regarding the percentage of Retained Water in the Products were both untrue and misleading and by the exercise of reasonable care should

have been known to be so.

192.   This requirement under California law is identical to that imposed by the Federal PPIA.

193.   Defendant violated Cal. Bus. & Prof. Code § 17500, California's False Advertising Law, by advertising and selling the Products with untrue statements.

194.   Defendant violated California law by placing false statements on the Product labels.

195.   Plaintiff and the Class suffered injury in fact and lost money or property as a result of Defendant's unlawful acts.

196.   Had Plaintiff been aware of Defendant's unlawful tactics, she would not have purchased the improperly packaged and misbranded Products or would only have been willing to pay less for those Products than she did.

197.   Defendant's unlawful acts allowed Defendant to sell the Products for a higher price and at a higher profit margin than it otherwise would have.

198.   Plaintiff therefore seeks an order enjoining Defendant from continuing this unlawful conduct, and an order for the disgorgement and restitution of all excess revenue received by Defendant from the unlawful sale of the Products in California as described herein.

## FIFTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTIES
#### CAL. COMM. CODE § 2313

199.   Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

200.   Defendant expressly warranted that each Product included Retained Water less than or equal to the maximum percentage of Retained Water declared on the label.

201.   This California requirement is identical to that of the PPIA, which imposes a duty to accurately declare on Product labels the maximum percentage of Retained Water.

202.   The Products distributed in commerce by Defendant and sold to Class members violated this express warranty. The Products contained far more Retained Water

than Defendant warranted.

203.  Defendant is therefore liable to the Class members in an amount equal to the difference in value between the product as it was represented – free of Retained Water in excess of the declared percentage – and the product as it was provided, packaged with excess Retained Water constituting unlawful economic adulteration.

204.  Plaintiff therefore seeks on behalf of the Class an order that the Products breached express warranties and an order for the disgorgement and restitution of all excess revenue received by Defendant from Class members during the Class Period.

## SIXTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES

#### CAL. COMM. CODE § 2314

205.  Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

206.  The sale of the Products and representations of fact on the Product labels created implied warranties under California law that the Products were suitable for a particular purpose, specifically that they could lawfully be sold and pass without objection in the trade.

207.  The distribution in commerce and sale of the Products in California creates an implied warranty under California law that the Products are accurately labeled and legal to sell in California. Cal. Comm. Code § 2314.

208.  Defendant breached this implied warranty under California law.

209.  Defendant is a merchant with respect to the Products and goods of that kind.

210.  Defendant is a "seller" of the Products under California law.

211.  California law imposes requirements on these sellers of poultry products identical to the requirements of the PPIA, which imposes a duty to accurately declare on poultry product labels the maximum percentage of Retained Water and only to distribute and offer in commerce poultry products that conform to the label.

212.  Defendant violated its obligations to Plaintiff under California's Song-Beverly Act and Cal. Comm. Code § 2314 because Defendant breached the Products'

28

implied warranties of merchantability that arose by operation of California law.

213. Each Product's front label misleadingly claims a lower maximum retained-water percentage than the Products actually include.

214. As alleged above, at the time of purchase, Defendant had reason to know by virtue of its experience and expertise in the trade that Plaintiff, as well as members of the Class, intended to purchase lawful poultry products that were accurately labeled.

215. This became part of the basis of the bargain between the parties.

216. Defendant's actions had an influence thereby on consumers' decisions in purchasing the Products. Plaintiff and Class Members justifiably relied on Defendant's representations when purchasing the Products.

217. Defendant offered the Products in commerce in California and the United States, and then sold the goods to Plaintiff and other Class Members in California and the United States based on the implied warranties.

218. At the time of purchase, Defendant knew or had reason to know that Plaintiff and Class members were relying on Defendant's skill and judgment to furnish a Product that was lawful for sale and was suitable for this particular purpose, and justifiably relied on Defendant's skill and judgment.

219. The Products were not lawful products to sell or offer for sale.

220. Plaintiff purchased the Products believing they had the qualities Plaintiff sought, based on the Defendant's representations, but the Products were actually unsatisfactory to Plaintiff for the reasons described herein.

221. The Products were not merchantable in California, as they were not of the same quality as other products in the category generally acceptable in the trade as each contained unlawful excess Retained Water. *See* Cal. Comm. Code § 2314(1).

222. The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California. Cal. Comm. Code § 2314(2)(a).

223. The Products also were not acceptable commercially and breached their implied warranties because they were not adequately packaged and labeled as required

under California law. Cal. Comm. Code § 2314(2)(e).

224.  The Products also were not acceptable commercially and breached their implied warranties because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code § 2314(2)(f), and other grounds as set forth in the Commercial Code, section 2314(2).

225.  These California requirements are the same as those imposed by the PPIA.

226.  Under the Song-Beverly Act as codified in the California Commercial Code, the implied warranty of fitness for a particular purpose arises from the sale of goods by a "seller." *See* Cal. Com. Code § 2315.

227.  A "seller" is "a person who sells or contracts to sell goods." *Id.* § 2103. The Song-Beverly Act makes the implied warranty of fitness applicable to retailers and distributors as well as to manufacturers. Cal. Civ. Code §§ 1791.1.

228.  The Song-Beverly Act defines a "retailer" as one who "engages in the business of selling or leasing consumer goods to retail buyers." Id. § 1791(l).

229.  California's Song-Beverly Act imposes requirements on sellers of the Products equivalent to those imposed by the PPIA in this regard.

230.  Under the Song-Beverly Act as well, the implied warranty of merchantability requires that consumer goods such as the Products conform to the promises or affirmations of fact made on the container or label, are adequately contained, packaged, and labeled, and will pass without objection in the trade under the contract description. Cal. Civ. Code § 1791.1

231.  By offering the Products for sale and distributing the Products in California, Defendant warranted that the Products were not misbranded and were legal to sell in California. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

232.  As a result of this breach, Plaintiff and other Class Members did not receive goods as impliedly warranted by Defendant. As an actual and proximate result of this breach of warranty, Plaintiff and other Class Members have been damaged in amounts to be determined at trial.

233.   As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## SEVENTH CAUSE OF ACTION

### THEFT BY FALSE PRETENSES

#### CAL. CIV. CODE §496(a)

234.   Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

235.   Defendant induced Plaintiff and the Class members to part with money in exchange for the Products that was in excess of the actual value of those Products.

236.   Defendant did so, in part, by adulterating the Products and by falsely advertising the Products as described herein.

237.   California's Penal Code § 532 makes it a crime in California to acquire money or property through false pretenses.

238.   Defendant's label declaration and advertising of the maximum percentage of Retained Water in the Products, which induced Plaintiff and the Class Members to purchase those Products and pay the marked price per pound for excess included Retained Water, also constituted theft by false pretenses.

239.   California Civil Code §496(c) enables a California plaintiff to bring a civil action to recover actual and statutory damages for alleged violations of Penal Code § 532.

240.   Defendant induced Plaintiff and the Class to part with money through the false pretense of labeling, advertising, offering and selling the Products as if they contained less Retained Water than those Products actually did.

241.   Defendant is therefore liable to Plaintiff and to the Class for the actual damages as determined at trial and statutory damages under §496.

## EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT/MONEY HAD AND RECEIVED

242.   Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained elsewhere in the Complaint as if fully set forth herein.

31

243.    Plaintiff and the Class allege that Defendant owes them money for the unlawful or deceptive conduct described herein.

244.    Defendant, by packaging, labeling, and selling the Products with Retained Water in excess of the labeled maximum percentage Retained Water, received additional money from Plaintiff and the Class that was intended to be used for the benefit of Plaintiff and the Class – specifically, that money was intended to be used to purchase the quantity of Product, which was sold by weight, as was represented on the Product package labels without unlawful excess Retained Water included in the Products at the time of packaging.

245.    That money was not used for the benefit of Plaintiff and the Class, and Defendant has not given the money back, either to the Plaintiff or to the other Class members.

246.    The additional money was paid by mistake, where an undue advantage was taken of the Plaintiff's lack of knowledge of the deception, whereby money was exacted to which the Defendant had no legal right.

247.    Defendant is therefore indebted to Plaintiff and the Class in a sum certain, specifically the difference between the amount that Plaintiff and the Class paid for the Products purchased during the Class period and the Products' actual value had the Products conformed to their label declarations of Retained Water.

248.    The retail price actually paid for all the Products during the Class period is consideration for which Defendant failed to tender the full amount of lawful Product.

249.    The Defendant is therefore indebted to the Plaintiff and the Class in a sum certain for the additional money had and received by the Defendant for the use of the Plaintiff and the Class, which the Defendant in equity and good conscience should not retain.

250.    Defendant actually received this money as described herein.    Defendant acquired additional and excess profits from the sale of the Products to Plaintiff and the Class in commerce in California.

251.    Defendant is therefore liable to Plaintiff and the Class in the amount of unjust enrichment or money had and received to be determined at trial.

32

## X.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of all others similarly situated and the general public, prays for judgment against Defendant as follows:

A.    An order declaring that conduct complained of herein violates the Consumers Legal Remedies Act;

B.    An order declaring that conduct complained of herein violates the Unfair Competition Law;

C.    An order declaring that conduct complained of herein violates the False Advertising Law;

D.    An order declaring that conduct complained of herein breached Defendant's express warranties to California consumers;

E.    An order declaring that conduct complained of herein breached Defendant's implied warranties to California consumers;

F.    An order declaring that the conduct complained of herein is compensable under California Penal Code Section 496;

G.    An order declaring that the conduct complained of herein caused Defendant to be unjustly enriched and that Defendant improperly had and received monies in excess of the lawful labeled prices of the Products;

H.    An order enjoining Defendant's unlawful, unfair, and unconscionable practices;

I.    An order confirming that the class action described herein is properly maintainable as defined above, appointing Plaintiff and her undersigned counsel to represent the Class and Subclass, and requiring Defendant to bear the cost of class notice;

J.    An order declaring that the conduct complained of herein violated California law during the effective Class Period, including delayed discovery and tolling as appropriate;

K.    An order requiring Defendant to pay restitution to all Class members so that they may be restored the money which Defendant acquired by means of any

33

unlawful, unfair, deceptive, unconscionable, or negligent acts;

L.    An order requiring Defendant to disgorge to the Class any benefits received from the Class and any unjust enrichment realized as a result of Defendant's improper conduct;

M.    An order awarding to the Class any and all direct and consequential actual damages, punitive damages, statutory damages, and costs and reasonable attorneys' fees, including pre-judgment and post-judgment interest, arising from all injuries described herein compensable by such damages; and

N.    Such other and further relief as this Court may deem just, equitable, or proper.

## XI.    JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: July 10, 2019                    Respectfully Submitted,

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON APLC**
RONALD A. MARRON
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
*mike@consumersadvocates.com*
LILACH HALPERIN
*lilach@consumersadvocates.com*
651 Arroyo Road
San Diego, CA 92103
Telephone: 619-696-9006
Fax: 619-564-6665
***Attorneys for Plaintiff and the Proposed Class***

CLASS ACTION COMPLAINT

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

| PLAINTIFF(S) / PETITIONER(S):   Christina Webb |
|---|
| DEFENDANT(S) / RESPONDENT(S):   Trader Joe's Company |
| WEBB VS TRADER JOES COMPANY [E-FILE] |

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2019-00035568-CU-BT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   John S. Meyer                                      Department: C-64

## COMPLAINT/PETITION FILED: 07/10/2019

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 12/20/2019 | 10:00 am | C-64 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

## NOTICE OF CASE ASSIGNMENT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ronald A. Marron [SBN 175650]<br>Law Offices of Ronald A. Marron<br>651 Arroyo Drive<br>San Diego, California 92103 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| TELEPHONE NO.: 619-696-9006   FAX NO.: 619-564-6665 | **07/10/2019** at 03:29:26 PM |
| ATTORNEY FOR *(Name)*: Christina Webb | Clerk of the Superior Court<br>By Taylor Crandall, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central Division

CASE NAME:
Webb v. Trader Joe's Company

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 37-2019-00035568-CU-BT-CTL |
|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge John S. Meyer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify)*: Eight
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 10, 2019
Ronald A. Marron
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |

| Short Title: WEBB VS TRADER JOES COMPANY [E-FILE] | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2019-00035568-CU-BT-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Michael Houchin |
| On Behalf of: | Christina Webb |
| Transaction Number: | 2669323 |
| Court Received Date: | 07/10/2019 |
| Filed Date: | 07/10/2019 |
| Filed Time: | 03:29 PM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2019-00035568-CU-BT-CTL |
| Case Title: | WEBB VS TRADER JOES COMPANY [E-FILE] |
| Location: | Central |
| Case Type: | Business Tort |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Rejected | Original Summons |

RejectReason 1: Other

Comments to submitter 1: THE SUMMONS MUST MATCH THE COMPLAINT EXACTLY WHEN NAMING PLAINTIFFS OR DEFENDANTS.

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management Conference | | 12/20/2019 | 10:00 AM | Central | C-64 |

**Electronic Filing Service Provider Information**

Service Provider:      OneLegal
Email:                 support@onelegal.com
Contact Person:        Customer Support
Phone:                 (800) 938-8815

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Trader Joe's Company


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christina Webb, on behalf of herself, all others similarly situated,
and the general public

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/17/2019** at 09:10:00 AM
Clerk of the Superior Court
By Linda Sheffa,Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court of San Diego

330 West Broadway
San Diego, California 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*

37-2019-00035568-CU-BT-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Law Offices of Ronald A. Marron, 651 Arroyo Drive, San Diego, California 92103, 619-696-9006

DATE: 07/18/2019      Clerk, by _____L. Shebba_____ , Deputy
*(Fecha)*      *(Secretario)*    L. Sheffa    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)　　☐ CCP 416.60 (minor)
    　　　　☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
    　　　　☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)

    　　　　☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7068 | |

| PLAINTIFF: Christina Webb |
|---|
| DEFENDANT: Trader Joe's Company |
| Short Title: WEBB VS TRADER JOES COMPANY [E-FILE] |

| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2019-00035568-CU-BT-CTL |
|---|---|

**Filed :** 07/10/2019

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Richard S. Whitney, in Department C-68

due to the following reason:    170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** WEBB VS TRADER JOES COMPANY [E-FILE]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2019-00035568-CU-BT-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 07/22/2019. The mailing occurred at Gardena, California on 07/23/2019.

Clerk of the Court, by: _M. Bernardez_____ , Deputy

MICHAEL  T HOUCHIN
651  ARROYO DRIVE
SAN DIEGO, CA 92103

LILACH HALPERIN
651  ARROYO DRIVE
SAN DIEGO, CA 92103

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Christina Webb

DEFENDANT(S)/RESPONDENT(S): Trader Joe's Company

Short Title: WEBB VS TRADER JOES COMPANY [E-FILE]

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2019-00035568-CU-BT-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 03/20/2020 | 10:00 am | C-68 | Richard S. Whitney |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** WEBB VS TRADER JOES COMPANY [E-FILE]

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2019-00035568-CU-BT-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 07/22/2019. The mailing occurred at Gardena, California on 07/23/2019.

Clerk of the Court, by: _C. Boyle_____ , Deputy

RONALD A MARRON
651 ARROYO DRIVE
SAN DIEGO, CA 92103

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ronald A. Marron [SBN 175650]<br>Law Offices of Ronald A. Marron<br>651 Arroyo Drive<br>San Diego, CA 92103 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |

TELEPHONE NO.: 619-696-9006        FAX NO.(Optional): 619-564-6665

EMAIL ADDRESS (Optional): ron@consumersadvocates.com

ATTORNEY FOR (Name): Christina Webb

**07/12/2019** at 02:22:00 PM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- [ ] CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
- [x] CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- [ ] CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
- [ ] CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)<br>Christina Webb | |
| DEFENDANT(S)/RESPONDENT(S)<br>Trader Joe's Company | JUDGE<br>Hon. John S. Meyer |
| IN THE MATTER OF<br>Webb v. Trader Joe's Company | DEPT<br>C-64 |
| **PEREMPTORY CHALLENGE** | CASE NUMBER<br>37-2019-00035568-CU-BT-CTL |

Ronald A. Marron _____, is [ ] a party [x] an attorney for a party in the above-entitled case and declares that Judge John S. Meyer _____, the judicial officer to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judicial officer.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judicial officer for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 12, 2019 _____

_____
Signature

---

**ORDER**

[x] GRANTED – The court finds the challenge is timely filed and the party's/attorney's above statement meets the requirements of Code of Civ. Proc. §170.6 (a)(4). The case will be reassigned and a notice will be mailed to the parties and/or counsel.

[ ] DENIED

**IT IS SO ORDERED.**

Date: _____ 7-15-19 _____

_____
Judge/~~Commissioner~~ of the Superior Court

**John S. Meyer**

Date: _____ 7-22-19 _____        Case is reassigned to Judge/~~Commissioner~~ _____ Richard S. Whitney _____

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Law Offices of Ronald A. Marron<br>Ronald A. Marron (SBN 175650)<br>651 Arroyo Drive<br>San Diego, CA 92103<br>TELEPHONE NO: 619-696-9006    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**07/25/2019** at 12:55:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    San Diego |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, 92101 |
| BRANCH NAME: Hall of Justice |

| PLAINTIFF / PETITIONER:  Christina Webb; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Trader Joe's Company | 37-2019-00035568-CU-BT-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>3594244 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:    Notice of Case Assignment; Peremptory Challenge
3. a. Party served *(specify name of party as shown on documents served)*:
      Trader Joe's Company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Ernesto Cruz / Authorized to Accept Service
4. Address where the party was served:
   Paracorp Incorporated 2804 Gateway Oaks Drive Suite 100, Sacramento, California 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Jul 24 2019         (2) at *(time)*:   04:06 PM
   b. [ ] **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
          from *(city)*:                                  or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  Christina Webb; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Trader Joe's Company | 37-2019-00035568-CU-BT-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                          (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:  Trader Joe's Company

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

a.  Name:  Demian Ross

b.  Address:  5435 Palm Avenue, Sacramento, CA 95841

c.  Telephone number:  916-373-9065

d.  **The fee** for service was:  $39.80

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)  ☒ owner  ☐ employee  ☐ independent contractor

(ii)  Registration No:  Sacramento County #2011-66

(iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   07/25/2019

Demian Ross

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

1  VENABLE LLP
   Angel A. Garganta (163957)
2  agarganta@venable.com
   Amit Rana (291912)
3  arana@venable.com
   101 California Street, Suite 3800
4  San Francisco, CA 94111
   Telephone:    415.653.3750
5  Facsimile:    415.653.3755

6  Attorneys for Defendant
   TRADER JOE'S COMPANY
7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**08/15/2019** at 03:43:00 PM
Clerk of the Superior Court
By Treva Cutts,Deputy Clerk

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN DIEGO**

10

11  CHRISTINA WEBB, on behalf of herself, all    Case No. 37-2019-00035568-CU-BT-CTL
    others similarly situated, and the general public,

12                    Plaintiff,

13         v.                                      **ANSWER TO CLASS ACTION
                                                   COMPLAINT**
14  TRADER JOE'S COMPANY,

15                    Defendant.                   **JURY TRIAL DEMANDED**

16                                                 Action Filed: July 10, 2019

17

18

19

20

21

22

23

24

25

26

27

28

*Sidebar:* VENABLE LLP 101 CALIFORNIA STREET, SUITE 3800 SAN FRANCISCO, CA 94111 415-653-3750

Defendant Trader Joe's Company ("Defendant") hereby answers Plaintiff Christina Webb's ("Plaintiff's") Class Action Complaint as follows:

## <u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every allegation of Plaintiff's Complaint, and further denies that Plaintiff is entitled to any remedy or relief as a result of any alleged act or omission by Defendant.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant sets forth below its defenses and affirmative defense. Each defense and affirmative defense is asserted as to all causes of action against it. By setting forth these defenses and affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff. Defendant also reserves the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation.

### <u>First Affirmative Defense</u>

### (Failure to State a Claim)

Plaintiff has failed to state facts sufficient to constitute a claim upon which relief can be granted.

### <u>Second Affirmative Defense</u>

### (Lack of Causation)

To the extent Plaintiff suffered any of the injuries, loses or damages described in the Complaint, which Defendant denies, such injuries, losses, or damages were not proximately or in-fact caused by Defendant's conduct.

### <u>Third Affirmative Defense</u>

### (Absence of Fraud)

Plaintiff's claims fail because Defendant did not engage in acts, practices, or courses of business which were fraudulent, deceptive, unlawful, unfair, or manipulative with respect to any involved parties

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1

**Fourth Affirmative Defense**

**(No Standing)**

Plaintiff is not entitled to relief under the statutes and legal theories invoked in her Complaint because Plaintiff lacks standing.

**Fifth Affirmative Defense**

**(Good Faith)**

Plaintiff's claims fail because Defendant acted with good faith in connection with all facts alleged in the Complaint.

**Sixth Affirmative Defense**

**(Waiver)**

Plaintiff, by reason of her knowledge, statements, and conduct, has waived any rights she may have for any acts or omissions of Defendant and any further obligations or liabilities they may have owed to Plaintiff, thereby barring each of her claims for relief.

**Seventh Affirmative Defense**

**(Accord and Satisfaction)**

One or more of Plaintiff's claims and/or the relief she seeks are barred by the doctrine of accord and satisfaction.

**Eighth Affirmative Defense**

**(Equitable Estoppel and Equitable Indemnity)**

One or more of Plaintiff's claims and/or the relief she seeks are barred by the doctrines of equitable estoppel and equitable indemnity.

**Ninth Affirmative Defense**

**(Unclean Hands)**

One or more of Plaintiff's claims and/or the relief she seeks are barred by the doctrine of unclean hands.

**Tenth Affirmative Defense**

**(Laches)**

One or more of Plaintiff's claims and/or the relief she seeks are barred by the doctrine of

2

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

laches.

### Eleventh Affirmative Defense

### (Lack of Justifiable Reliance)

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, at all times, the characteristics, ingredients, uses, benefits, quantities, standard, quality, and grade of Defendant's products and therefore could not have justifiably relied on the alleged misrepresentation or omission asserted in her Complaint.

### Twelfth Affirmative Defense

### (Substantial Compliance)

Defendant has substantially complied with the requirements of the law as they pertain to this lawsuit and such substantial compliance bars Plaintiff's claims.

### Thirteenth Affirmative Defense

### (Preemption)

All or some of the alleged causes of action are preempted by federal law.

### Fourteenth Affirmative Defense

### (Safe Harbor)

Plaintiff's allegations do not state a claim, because Defendant's conduct was, and is, authorized by federal and state law.

### Sixteenth Affirmative Defense

### (Actions Pursuant to Local, State or Federal Authority)

Defendant is not liable for any acts or omissions undertaken by or at the direction of local, state, or federal authority, including, without limitation, acts, or omissions made in accordance with regulations, ordinances, statutes, and laws applicable at the time of the acts or omissions at issue.

### Seventeenth Affirmative Defense

### (Failure to Mitigate)

If Plaintiff has suffered any damages or injury in fact, which Defendant expressly denies, Defendant alleges that Plaintiff's recovery is barred by her failure to mitigate, reduce, or

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

3

1    otherwise avoid damages or injuries.

2                    **Eighteenth Affirmative Defense**

3                        **(Aggravation of Harm)**

4             To the extent any harm exists, Defendant alleges, on information and belief, that

5    Plaintiff's actions have aggravated such harm, and thus, any recovery from Plaintiff's Complaint

6    for such harm should be barred or reduced accordingly.

7                    **Nineteenth Affirmative Defense**

8                        **(Statute of Limitation)**

9             Plaintiff's claims and damages are barred, reduced, and/or limited by the applicable

10   statutes of limitations.

11                   **Twentieth Affirmative Defense**

12                       **(Mootness)**

13            One or more of Plaintiff's claims and/or relief she seeks are moot.

14

15

16   Dated:  August 15, 2019                    VENABLE LLP
                                                ANGEL A. GARGANTA
17                                              AMIT RANA

18
                                        By:        /s/  Angel A. Garganta
19                                                 Angel A. Garganta

20                                              101 California Street, Suite 3800
                                                San Francisco, CA 94111
21                                              Telephone: 415.653.3750
                                                Facsimile:  415.653.3755
22
                                                Attorneys for Defendant
23                                              TRADER JOE'S COMPANY

24

25

26

27

28

ANSWER TO COMPLAINT                              37-2019-00035568-CU-BT-CTL

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**          )
                                 )    **ss.**
**COUNTY OF SAN FRANCISCO**  )

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 101 California Street, Suite 3800, San Francisco, California.

On August 15, 2019, I served a copy ☑ / original ☐ of the foregoing document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action addressed as follows:

| | |
|---|---|
| **LAW OFFICES OF RONALD A. MARRON**<br>Ronald A. Marron<br>Michael T. Houchin<br>Lilach Halperin<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Telephone: (619) 696-9006<br>Facsimile: (619) 564-6665<br>ron@consumeradvocates.com<br>mike@consumeradvocates.com<br>lilach@consumeradvocates.com | Attorneys for Plaintiff and the Proposed Class |

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

    ☑    **BY MAIL:**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 101 California Street, Suite 3800, San Francisco, California, in the ordinary course of business.

    ☑    **BY ELECTRONIC SERVICE:**  I caused the above-entitled document(s) to be served through OneLegal addressed to all parties appearing on the OneLegal electronic service list for the above-entitled case.  The service transmission was reported as complete and a copy of the OneLegal Receipt/Confirmation Page will be maintained with the original document(s) in this office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 15, 2019, at San Francisco, California.

_____
Nicholette Prince

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**08/15/2019** at 03:43:00 PM
Clerk of the Superior Court
By Treva Cutts,Deputy Clerk

1  VENABLE LLP
   Angel A. Garganta (163957)
2  agarganta@venable.com
   101 California Street, Suite 3800
3  San Francisco, CA 94111
   Telephone:    415.653.3750
4  Facsimile:    415.653.3755

5  Attorneys for Defendant
   TRADER JOE'S COMPANY

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN DIEGO**

10

11 CHRISTINA WEBB, on behalf of herself, all      Case No. 37-2019-00035568-CU-BT-CTL
   others similarly situated, and the general public,

12                 Plaintiff,

13      v.                                          **NOTICE OF APPEARANCE –
                                                    ANGEL A. GARGANTA**
14 TRADER JOE'S COMPANY,
                                                    **CLASS ACTION**
15                 Defendant.

16                                                  Action Filed:    July 10, 2019

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

     PLEASE TAKE NOTICE that I, Angel A. Garganta of Venable LLP, will be appearing as counsel for Defendant TRADER JOE'S COMPANY in this matter.  My contact information is as follows:

     **VENABLE LLP**
     Angel A. Garganta
     101 California Street, Suite 3800
     San Francisco, CA 94111
     Email: agarganta@venable.com
     Telephone:   (415) 653-3750
     Facsimile:    (415) 653-3755

     Please serve said counsel with all pleadings and notices in this action.

Dated:  August 15, 2019               VENABLE LLP

                               By:     /s/ Angel A. Garganta
                                       Angel A. Garganta

                             Attorneys for Defendant
                             TRADER JOE'S COMPANY

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 101 California Street, Suite 3800, San Francisco, California.

On August 15, 2019, I served a copy ☑ / original ☐ of the foregoing document(s) described as **NOTICE OF APPEARANCE- ANGEL A. GARGANTA** on the interested parties in this action addressed as follows:

**LAW OFFICES OF RONALD A.**              Attorneys for Plaintiff and the Proposed Class
**MARRON**
Ronald A. Marron
Michael T. Houchin
Lilach Halperin
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumeradvocates.com
mike@consumeradvocates.com
lilach@consumeradvocates.com

☑        By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑        **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 101 California Street, Suite 3800, San Francisco, California, in the ordinary course of business.

☑        **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be served through OneLegal addressed to all parties appearing on the OneLegal electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the OneLegal Receipt/Confirmation Page will be maintained with the original document(s) in this office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 15, 2019, at San Francisco, California.

_____
Nicholette Prince

PROOF OF SERVICE

VENABLE LLP
Angel A. Garganta (163957)
agarganta@venable.com
Amit Rana (291912)
arana@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant
TRADER JOE'S COMPANY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/15/2019** at 03:43:00 PM

Clerk of the Superior Court
By Treva Cutts, Deputy Clerk

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTINA WEBB, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 37-2019-00035568-CU-BT-CTL<br><br>**NOTICE OF APPEARANCE – AMIT RANA**<br><br>**CLASS ACTION**<br><br>Action Filed:    July 10, 2019 |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that I, Amit Rana of Venable LLP, will be appearing as counsel for Defendant TRADER JOE'S COMPANY in this matter.  My contact information is as follows:

> **VENABLE LLP**
> Amit Rana
> 101 California Street, Suite 3800
> San Francisco, CA 94111
> Email: arana@venable.com
> Telephone:    (415) 653-3750
> Facsimile:    (415) 653-3755

Please serve said counsel with all pleadings and notices in this action.

Dated:  August 15, 2019                                    VENABLE LLP

                                            By:    ____/s/  Amit Rana_____
                                                         Amit Rana

                                            Attorneys for Defendant
                                            TRADER JOE'S COMPANY

NOTICE OF  APPEARANCE – AMIT RANA                    37-2019-00035568-CU-BT-CTL

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

**PROOF OF SERVICE**

1

2  **STATE OF CALIFORNIA**        )
                                  )  **ss.**
3  **COUNTY OF SAN FRANCISCO**    )

4  I am employed in the County of San Francisco, State of California. I am over the age of 18 and
   not a party to the within action; my business address is Venable LLP, 101 California Street, Suite
5  3800, San Francisco, California.

6  On August 15, 2019, I served a copy ☑ / original ☐ of the foregoing document(s) described as
   **NOTICE OF APPEARANCE- AMIT RANA** on the interested parties in this action addressed
7  as follows:

8
   **LAW OFFICES OF RONALD A.**              Attorneys for Plaintiff and the Proposed Class
9  **MARRON**
   Ronald A. Marron
10 Michael T. Houchin
   Lilach Halperin
11 651 Arroyo Drive
   San Diego, CA 92103
12 Telephone: (619) 696-9006
   Facsimile: (619) 564-6665
13 ron@consumeradvocates.com
   mike@consumeradvocates.com
14 lilach@consumeradvocates.com

15  ☑      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

16         ☑      **BY MAIL:** I am readily familiar with the firm's practice of collection and
                  processing correspondence for mailing with the U.S. Postal Service. Under that
17                practice such envelope(s) is deposited with the U.S. postal service on the same day
                  this declaration was executed, with postage thereon fully prepaid at 101 California
18                Street, Suite 3800, San Francisco, California, in the ordinary course of business.

19         ☑      **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be
                  served through OneLegal addressed to all parties appearing on the OneLegal
20                electronic service list for the above-entitled case. The service transmission was
                  reported as complete and a copy of the OneLegal Receipt/Confirmation Page will
21                be maintained with the original document(s) in this office.

22 I declare under penalty of perjury under the laws of the State of California that the above is true
   and correct.
23
   Executed on August 15, 2019, at San Francisco, California.
24

25

26  _____
                Nicholette Prince
27

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750